IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

JIMMIE L. SMITH,

          Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

          Defendant.

Case No. 07-CV-374-FHM

## OPINION AND ORDER

Plaintiff's Motion for Relief Pursuant to Fed. R. Civ. P. 60(b)(6) [Dkt. 25] is GRANTED.

In *McGraw v. Barnhart*, 450 F.3d 493, 496 (10th Cir. 2006), the Court ruled that attorney fees are awardable under 42 U.S.C. § 406(b)(1) when the Social Security Administration awards disability benefits to a claimant following a remand from the federal court. In such a circumstance the authority of Fed. R. Civ. P. 60(b)(6) is employed to allow counsel to seek fees under §406(b)(1) long after the usual fourteen days allotted by Fed. R. Civ. P. 54((d)(2)(B)(i) for filing a motion for attorney fees has expired. *McGraw*, 450 F.3d at 505.

On September 25, 2007, the Court granted the Commissioner's motion to remand this case pursuant to sentence six of 42 U.S.C. § 405(g). [Dkt. 14]. On July 23, 2008, Plaintiff advised the Court that the Commissioner had rendered a fully favorable decision dated June 13, 2008 [Dkt. 16]. The Court entered judgment in Plaintiff's favor. [Dkt. 20].

Counsel for Plaintiff argues that the instant motion, filed April 10, 2009, was filed within a reasonable time as required by *McGraw v. Barnhart*, 450 F.3d 493 (10th Cir. 2006)

because, although the Commissioner's favorable decision is dated June 13, 2008, and the initial Award Notice was issued August 26, 2009, counsel did not receive a copy of the Award Notice until March 16, 2009. The Court notes that the Commissioner addressed the reasonableness of the timing of this motion in response to counsel's motion for fees and pointed out that counsel's motion was filed seven months after the August 26, 2008, date of the Award Notice, but did not address the agency's own apparent failure to promptly supply counsel with a copy of the Award Notice, despite repeated requests. Nor did the Commissioner address the fact that the amount of past due benefits was amended on December 21, 2008. [Dkt. 28, pp. 7-8; 25-2, pp. 10-12]. The Court also notes that counsel does not represent that he attempted to obtain a copy of the Award Notice from Plaintiff.

Rather than depend entirely on the Commissioner to provide a copy of the Award Notice, it would have been reasonable for counsel to have attempted to obtain that document from Plaintiff. Likewise, it would have been reasonable for the Commissioner to have made a prompt response to counsel's request. Moreover, according to *McGraw,* 405 F.3d at 505, the calculation of a reasonable time for a Rule 60(b) motion seeking § 406(b) fees is measured from the date of the Commissioner's decision awarding benefits, which in this case was June 12, 2008. Regardless of these factors, since the Notice dated December 21, 2008, [Dkt. 25-2, p. 10], reflects that Plaintiff did not receive any of his past due benefits until after that date, the Court finds that in this particular case the instant motion was filed within a reasonable time.[1]

---

[1] In addition, the Court notes that on September 25, 2008, [Dkt. 23], counsel advised the Court that he was awaiting receipt of the Award Notice before filing his motion for fees.

Plaintiff's Motion for Relief Pursuant to Fed. R. Civ. P. 60(b)(6) [Dkt. 25] is GRANTED. The Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) [Dkt. 26] will be considered on the merits.

SO ORDERED this 7th day of May, 2009.

*Frank H. McCarthy*

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE