IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

JIMMIE L. SMITH,

        Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

        Defendant.

Case No. 07-CV-374-FHM

## OPINION AND ORDER

Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) [Dkt. 26] is before the Court. Counsel seeks approval of an attorney fee award of $20,033.50 pursuant to the terms of 42 U.S.C. § 406(b) and the contingency fee contract between Plaintiff and counsel. Counsel has certified that Plaintiff has been advised of the fee request, and Plaintiff has expressed he does not object to the requested fee award. [Dkt. 27, Dkt. 27-1] The matter is ripe for decision. The Motion for Attorney Fees [Dkt. 26] is GRANTED as provided herein.

Plaintiff initially appealed the Administrative denial of her application for Social Security benefits to this Court in Case No. 02-CV-529-FHM. The Court reversed the administrative denial of Plaintiff's application for benefits and remanded the case to the Commissioner for further proceedings. [Case No. 02-CV-529-FHM; Dkt. 20]. The Court granted Plaintiff's application for an award of $ 4,097.60 in fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, for the work counsel performed before the Court in that case. [Case No. 02-CV-529-FHM; Dkt.24]. The EAJA award was paid by the Social Security Administration, at no cost to Plaintiff.

On remand the Commissioner again denied benefits. Plaintiff appealed the denial in the instant case. On September 25, 2007, the Court granted the Commissioner's motion to remand this case pursuant to sentence six of 42 U.S.C. § 405(g). [Dkt. 14]. On July 23, 2008, Plaintiff advised the Court that the Commissioner had rendered a fully favorable decision dated June 13, 2008 [Dkt. 16]. The Court entered judgment in Plaintiff's favor. [Dkt. 20]. EAJA fees of $3,430.80 were granted in this case. [Dkt. 21].

The letter from the Social Security Administration that was provided with the motion for fees reflects that the amount of past due benefits was $ 101,334 and of that amount 25% or $ 25,333.50 was withheld to pay the attorney's fee. [Dkt. 25-2, p. 12].

Section 406(b)(1) allows an award of attorney fees, payable from the past due benefits withheld by the Social Security Administration, when the district court has remanded a Title II Social Security case for further proceedings and benefits are awarded on remand. *McGraw v. Barnhart*, 450 F.3d 493 (10th Cir. 2006). 42 U.S.C. § 406(b)(1)(A) provides that a court may award "a reasonable fee . . . not in excess of 25 percent of the . . . past due benefits" awarded to the claimant. The fee is payable "out of, and not in addition to, the amount of the [the] past-due benefits." Section 406(b)(1)(A) does not replace contingency fee agreements between Social Security claimants and their counsel. Instead, that section requires the district court to review contingency fee agreements as an "independent check" to assure that the agreement yields a reasonable result. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807, 122 S.Ct. 1817, 1828, 152 L.Ed.2d 996 (2002). Section 406(b) provides a boundary that agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. *Id.*

In determining whether a fee resulting from a contingency fee contract is reasonable, it is appropriate to adjust the attorney's recovery based on the character of the representation and the results the representation achieved. A reduction is in order if the attorney is responsible for delay, so the attorney will not profit from the accumulation of past-due benefits while the case is pending in court. In addition, if the benefits are large in comparison to the amount of time counsel spent on the case, the fee award may be adjusted. *Id.* 535 U.S. at 808, 122 S.Ct. at 1828. Further, the burden to prove the fee is reasonable is placed upon the attorney seeking the fee. *Id.* at n.17.

Plaintiff and counsel entered into a contract [Dkt. 26-3, p. 5], which is a contingency fee arrangement that provides if the attorney prevails before the federal court on Plaintiff's behalf, and Plaintiff is awarded benefits by the Social Security Administration, Plaintiff agrees to pay counsel a fee for federal court work equal to 25% of the past due benefits.

The undersigned concludes that the requested fee award of $20,033.50 which is 20% of Plaintiff's past due benefit award as reflected in the record submitted is reasonable. That award comports with the contract between counsel and Plaintiff and is within the statutory limits of §406(b). The fee yields an hourly rate of approximately $ 440 per hour for 45.5 hours performed before the district court in both cases, which does not amount to a windfall. Often a fee recovery in a percentage-based contingency fee contract will be higher than the fee produced by a straight hourly rate agreement. That circumstance serves to induce attorneys to risk providing legal services in cases where they may not be paid. And finally, when the amount of the EAJA fee awards in both cases, $ 7,528.30, is returned to Plaintiff in accordance with *Weakley v. Brown,* 803 F.2d 575, 580 (10th Cir.

1986), the net result is an out-of-pocket payment from Plaintiff of $12,505.20 that is 12 percent of his past due benefits.

Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) [Dkt. 26] is GRANTED as follows:

Counsel is awarded $ 20,033.50 to be paid from Plaintiff's past due benefits being withheld by the Commissioner for attorney fees. In accordance with *Weakley v. Brown*, 803 F.2d 575, 580 (10th Cir. 1986), upon receipt of payment, counsel is required to refund $ 7,528.30 to Plaintiff, which is the amount of the EAJA awards in both cases.

SO ORDERED this 7th day of May, 2009.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE